# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| INGRID HJERSTED, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION |
| LAWRENCE HJERSTED and WILLIAM FLEMING, | ) No. 08-2419-KHV |
| Defendants. | ) |

## ORDER

Ingrid Hjersted brings this diversity suit against Lawrence Hjersted and William Fleming. Under Kansas law, plaintiff asserts claims for breach of a settlement agreement, breach of fiduciary duties, breach of contract and fraud. On September 14, 2009, the Court sustained defendants' motion to dismiss. The Court found that plaintiff had failed to join as necessary and indispensable parties the other beneficiaries of the trust and estate to which plaintiff's claims refer, and that joinder of these absent parties would destroy diversity jurisdiction. See Memorandum And Order (Doc. #84). On January 11, 2010, the Court sustained plaintiff's motion for reconsideration and found that plaintiff has abandoned any claims for an accounting of Norman's Trust or Norman's Estate, or to recover assets from Norman's Trust or Estate. See Memorandum And Order (Doc. #89) at 10.[1] This matter comes before the Court on Defendants' Motion To Supplement Memorandum And Order Dated January 11, 2010 [Doc. #89] (Doc. #91).

Under Rule 60, Fed. R. Civ. P., defendants ask the Court to clarify statements in its

---

[1] The Court incorporates by reference the Memorandum And Order (Doc. #84) filed September 14, 2009 and the Memorandum And Order (Doc. #89) filed January 11, 2010.

memorandum and order which sustained plaintiff's motion for reconsideration.[2] The Court ordered that "plaintiff has abandoned any claims for an accounting of Norman's Trust or Norman's Estate, or to recover assets from Norman's Trust or Estate." See Doc. # 89 at 10. In a footnote, the Court also stated that "[b]ecause plaintiff has abandoned any claims against the trusts or estate or against defendants in their representative capacities, the absent parties are not necessary." See Doc. #89, at 9 n.4. Defendants ask the Court to clarify that (1) "plaintiff has abandoned all of her asserted claims against the trust and probate estates and not just her claims for accountings," and (2) "she has also abandoned her claims against defendants in their representative capacities." See Doc. #92 at 5-6.

As to the first assertion, plaintiff does not dispute that she has abandoned all of her claims against the trust and probate estates and not just her claims for accountings. The Court therefore overrules as moot that portion of defendants' motion to clarify. As to the second assertion, footnote four may have overstated what plaintiff has abandoned. The Court intended to state that plaintiff was abandoning claims in which liability would be that of the trust or estate. Footnote four adds little to the analysis. The Court therefore strikes it and apologizes for the confusion.

**IT IS THEREFORE ORDERED that** Defendants' Motion To Supplement Memorandum And Order Dated January 11, 2010 [Doc. #89] (Doc. #91) filed January 29, 2010 be and hereby is **SUSTAINED** in part. The Court strikes footnote 4 from the Memorandum And Order (Doc. #89).

Dated this 7th day of April, 2010 at Kansas City, Kansas.

s/ Kathyrn H. Vratil
Kathryn H. Vratil
United States District Judge

---

[2] Rule 60(a), Fed. R. Fed. P. provides as follows:

Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.